IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL INDICTMENT |
| v. | : | |
| DAVID S. RAMUS | : | NO. |

THE GRAND JURY CHARGES THAT:

## COUNT ONE

1. Beginning in or about March, 1988, and continuing through in or about March, 1993, in the Northern District of Georgia, and elsewhere, the defendant, DAVID S. RAMUS, knowingly and wilfully devised and intended to devise a scheme and artifice to defraud owners of valuable artworks and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, well knowing that such pretenses, representations, and promises were and would be false when made and caused to be made.

2. At all times pertinent to this Indictment, the defendant, DAVID S. RAMUS, owned and operated an art gallery named David Ramus Fine Art, which was incorporated under the name David S. Ramus, Ltd., with offices in Atlanta, Georgia located, at Eight Piedmont

Center, Suite 602, Atlanta, Georgia 30305, and later at One Buckhead Plaza, Suite 30, 3060 Peachtree Road, Atlanta, Georgia 30335, and in New York, N.Y., at 502 Park Avenue, Suite 12B, New York, New York 10022.

3. It is relevant to this Indictment that:

a) The defendant, DAVID S. RAMUS, was engaged in the business of buying and selling fine art, including valuable paintings.

b) As part of his business, the defendant, DAVID S. RAMUS, acted as an art broker for clients, both purchasing and selling artworks on behalf of clients.

c) The defendant, DAVID S. RAMUS, entered into consignment agreements with certain clients by which defendant, DAVID S. RAMUS, promised to hold the clients' paintings, and find buyers for the paintings. The defendant, DAVID S. RAMUS, promised clients that upon the sale of a painting owned by a client, he would pay the client/owner of the painting the client/owner's stated asking price for the painting plus a percentage of any profits above the asking price, taking any remainder of the profits as his fee.

d) As part of his business, the defendant, DAVID S. RAMUS, also purchased artworks for himself and attempted to resell them for a profit.

4. It was a part of said scheme and artifice to defraud that:

a) The defendant, DAVID S. RAMUS, converted to his own use paintings in his possession that were owned by others.

2

b) The defendant, DAVID S. RAMUS, sold, as his own, paintings that, in truth, belonged to others and converted the proceeds from such sales to his own use instead of paying the proceeds to the owners of the paintings as he had promised.

c) The defendant, DAVID S. RAMUS, falsely misrepresented to persons buying paintings from him that he owned and had good and marketable title to paintings when in truth and fact he did not own and have good and marketable title to said paintings.

d) The defendant, DAVID S. RAMUS, after selling client/owners' paintings and converting the proceeds of the sales, in order to lull the client/owners of the paintings, falsely misrepresented to the client/owners of the paintings that the paintings had not yet been sold.

e) The defendant, DAVID S. RAMUS, in order to lull the client/owners of the paintings, falsely misrepresented to the client/owners of the paintings that he had sold their paintings but had not yet been paid, when in truth and fact, he had already been paid and had converted the funds to his own use.

f) The defendant, DAVID S. RAMUS, converted to his own use numerous paintings belonging to his clients worth in excess of $1 million, sold those paintings, as his own, and converted the proceeds from such sales to his own use, without paying the client/owners of the paintings the amounts due to them.