UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REED GALIN,

              Plaintiff,

-against-

KUNITAKE HAMADA,

              Defendant.

ECF CASE

15-CV-6992 (JMF)

**DEFENDANT'S ANSWER
TO PLAINTIFF'S COMPLAINT**

       Defendant Kunitake Hamada ("Hamada" or "Defendant") by and through his attorneys, Cahill Partners LLP, as and for his answer and counterclaims to the Complaint of Plaintiff Reed Galin ("Galin" or "Plaintiff"), states as follows:

       1.      Defendant denies the allegations contained in Paragraph 1 of the Complaint.

       2.      Defendant admits the allegations in Paragraph 2 of the Complaint.

       3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint, except admits that Defendant was the owner of the painting and consigned it to Christie's, Inc. for sale.

       4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint, except admits that Defendant entered into a consignment agreement with Christie's, and respectfully refers the Court to the agreement for its terms, which speaks for itself.

       5.      The allegations contained in Paragraph 5 of the Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Defendant denies the allegations in Paragraph 5 of the Complaint.

       6.      Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint, except denies knowledge or information sufficient to form a belief with respect to the circumstances of the referenced "earlier" transfer.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. The allegations contained in Paragraph 13 of the Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 of the Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Defendant denies the allegations in Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, except admits that David

Ramus was an art dealer and avers that any agreement was between Christie's and David S. Ramus, Ltd.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and respectfully refers the Court to the contents of Exhibit A for their terms, which speak for themselves.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint and respectfully refers the Court to the contents of Exhibit A for their terms, which speak for themselves.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and respectfully refers the Court to the contents of Exhibit A for their terms, which speak for themselves.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. The allegations contained in Paragraph 31 of the Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and respectfully refers the Court to the contents of Exhibit B for their terms, which speak for themselves.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and respectfully refers the Court to the contents of Exhibit B for their terms, which speak for themselves.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, except admits that in 1989 David S. Ramus, Ltd. transferred "the Painting to the Coe-Kerr Gallery in New York City, as part of a deal in which he acquired a more valuable painting, 'Children in the Wood,' by Frank Weston Benson, in exchange for the Painting plus some cash" and avers that David S. Ramus Ltd. transferred good title to the Painting to the Coe-Kerr Gallery in that transaction.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. The allegations contained in Paragraph 39 of the Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and respectfully refers the Court to the contents of Exhibit C for their terms, which speak for themselves.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and respectfully refers the Court to the contents of Exhibit D for their terms, which speak for themselves.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and respectfully refers the Court to the contents of Exhibit E for their terms, which speak for themselves.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, except acknowledges that Plaintiff received "$359" from Ramus and avers that receipt and retention of such payment establishes Plaintiff's lack of title to the Painting.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and respectfully refers the Court to the contents of Exhibit F for their terms, which speak for themselves.

52. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, except acknowledges that Ramus was a Chapter 7 debtor and avers that any of Plaintiff's claims to title to the Painting were extinguished by the bankruptcy proceedings.

53. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, except acknowledges that Plaintiff was a creditor to Ramus's bankruptcy proceedings and avers that any of Plaintiff's claims to title to the Painting were extinguished by the bankruptcy proceedings.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55. The allegations contained in Paragraph 55 of the Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint and avers that David S. Ramus Ltd.'s interest in the Painting was extinguished when it sold the Paitning to the Coe-Kerr Gallery for value.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint and avers that Sentel's interest in the Painting was extinguished when David S. Ramus Ltd. sold it to the Coe-Kerr Gallery for value.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. The allegations contained in Paragraph 61 of the Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and respectfully refers the Court to the contents of Exhibit G for their terms, which speak for themselves.

66. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint, except admits that Plaintiff insisted that he would seek to prevent the sale of the Painting.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint and avers that Plaintiff has pled that any criminal activities of Ramus were not in the mainstream press or the art world at the time the Painting was sold to the Coe-Kerr Gallery.

69. Defendant the allegations contained in Paragraph 69 of the Complaint and respectfully refers the Court to the contents of Exhibit H for their terms, which speak for themselves.

70. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint, except admits that Defendant entered into an agreement with Christie's and Plaintiff, and respectfully refers the Court to the agreement for its terms, which speaks for itself.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint, except admits that Defendant entered into an agreement with Christie's and Plaintiff, and respectfully refers the Court to the agreement for its terms, which speaks for itself.

77. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint, except admits that Defendant entered into an agreement with Christie's and Plaintiff, and respectfully refers the Court to the agreement for its terms, which speaks for itself.

78. Defendant admits the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, except admits that Defendant

entered into an agreement with Christie's and Plaintiff, and respectfully refers the Court to the agreement for its terms, which speaks for itself.

80. Defendant admits the allegations contained in Paragraph 80 of the Complaint.

81. Defendant repeats the responses in Paragraphs 1 through 80 above.

82. The allegations contained in Paragraph 82 of the Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Defendant denies the allegations in Paragraph 82 of the Complaint.

83. The allegations contained in Paragraph 83 of the Complaint are legal conclusions for which neither an admission nor denial is required; to the extent a response is required, Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant repeats the responses in Paragraphs 1 through 80 above.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of (a) proof or (b) detailing the relevant facts set forth in the Complaint, Defendant assert the following defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not stated any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by N.Y. U.C.C. Law § 2-403.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages as a result of any act or omission by Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the prior orders of a U.S. Bankruptcy Court.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's contributory and/or comparative negligence.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the failure of Plaintiff to mitigate his damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts each and every defense available to him under applicable law.

Defendant reserves the right to assert additional defenses.

Dated:   New York, New York
         May 31, 2016

                            **CAHILL PARTNERS LLP**

                            */s/ John R. Cahill*
                            John R. Cahill
                            Paul S. Cossu
                            Ronald W. Adelman
                            70 West 40th Street, 15th Floor
                            New York, New York 10018
                            (212) 719-4400

                            *Attorneys for Defendant*
                            *Kunitake Hamada*