UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REED GALIN,

        *Plaintiff*,

-against-

KUNITAKE HAMADA,

        *Defendant*.

ECF CASE

15-CV-6992 (JMF)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT**

Defendant Kunitake Hamada respectfully submits this statement, pursuant to Local Civil Rule 56.1(b), in response to the Rule 56.1 statement of Plaintiff Galin Reed.

No acknowledgement about the lack of a genuine dispute concerning a particular fact asserted by Defendant should be deemed an acknowledgement that such fact is legally material, unless otherwise noted.

1. Defendant Hamada has not submitted any admissible evidence that he has or ever had any interest in Ice Storm.

**Response: Defendant disputes that he has not submitted any admissible evidence that he has or ever had any interest in Ice Storm. Plaintiff admitted that Defendant owned the Painting and it was therefore unnecessary to submit further evidence. It is likewise undisputed that Plaintiff had possession and control of the Painting and consigned the Painting to Christie's, which offered the Painting for sale under a warranty of title. (*See* Complaint (ECF No. 1), ¶ 3.) The Court has limited discovery to "the transfer of the painting at issue from Mr. Ramus to the Coe-Kerr Gallery and application of the entrustment provision." (*See* Civil Case Management Plan and Scheduling Order (ECF No. 26), at Pg. 8.) As such, Hamada has not yet been required to testify or provide proof of ownership of Ice Storm. Nonetheless, Hamada has already produced his purchase invoice for Ice Storm. (*See* ECF No. 64-1.)**

2. Hamada's only purported evidence is an unauthenticated document in Japanese which does not identify Ice Storm.

**Response: Defendant disputes this Paragraph for the reasons set forth in Paragraph 1.**

3. There is no evidence to suggest any due diligence on Hamada's part prior to acquitting an interest in Ice Storm.

**Response: Defendant disputes this Paragraph for the reasons set forth in Paragraph 1.**

4. There is no explanation about the discrepancy between the provenance of Ice Storm in the auction catalog, which says that the present owner acquired it in 1995, and Hamada's counsel's statement that Hamada acquired it in 2013.

**Response: Defendant disputes this Paragraph for the reasons set forth in Paragraph 1.**

5. Hamada did not submit a declaration in support of his motion for summary judgment.

**Response: Undisputed but irrelevant.**

Dated: 2017-January-27
New York, New York

                        **CAHILL PARTNERS LLP**

By:    */s/ John R. Cahill*
John R. Cahill
Paul Cossu
70 West 40th Street, 15th Floor
New York, NY 10018
212-719-4400

*Attorneys for
Defendant Kunitake Hamada*